PROB 12C(D)  
(05/17)

May 20, 2024  
pacts id: 5168993

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision and Transfer of Jurisdiction

**Name of Offender:** Adolfo Gutierrez-Villafana (Spanish)      **Dkt No.:** 20CR01963-001-JLS

**Reg. No.:** 09088-085

**Name of Sentencing Judicial Officer:** The Honorable Janis L. Sammartino, U.S. District Judge

**Original Offense:** 8 U.S.C. § 1326 (a) and (b), Removed Alien Found in the United States, a Class C felony.

**Date of Sentence:** March 19, 2021

**Sentence:** 30 months' custody; three years' supervised release. (_Special Conditions_ *If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer within 24 hours of any reentry to the United States; supervision waived upon deportation, exclusion, or voluntary departure.* )

**Type of Supervision: Supervised Release**      **Date Supervision Commenced:** August 12, 2022

**Asst. U.S. Atty.:**  Blanca Quintero      **Defense Counsel:**  Payton Thea Marie Randle (Appointed) (619) 234-8467

**Prior Violation History:** None.

---

### PETITIONING THE COURT

### TO ISSUE A NO-BAIL BENCH WARRANT AND TRANSFER OF JURISDICTION

PROB 12C(D)
Defendant: Adolfo Gutierrez-Villafana  May 20, 2024
Docket No.: 20CR01963-001-JLS  Page 2

The probation officer believes that the offender has violated the following condition(s) of supervision:

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|
| **(Mandatory Condition)**<br>Not commit another federal, state, or local crime. *(nv1)* | 1. On or about December 21, 2023, Mr. Gutierrez-Villafana, distributed five grams or more of methamphetamine actual, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii), as evidenced by the complaint filed in U.S. District Court, Eastern District of Washington, Docket No. 24MJ00178-JAG. |
|  | 2. On or about January 8, 2024, Mr. Gutierrez-Villafana, distributed five grams or more of methamphetamine actual, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii), as evidenced by the complaint filed in U.S. District Court, Eastern District of Washington, Docket No. 24MJ00178-JAG. |
| **(Special Condition)**<br>If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer within 24 hours of any reentry to the United States; supervision waived upon deportation, exclusion, or voluntary departure. | 3. On or before December 21, 2023, Mr. Gutierrez-Villafana failed to report to the probation officer within 24 hours of reentry into the United States. |

**Grounds for Revocation:** As to Allegations 1 and 2, I received and reviewed the criminal complaint filed in the U.S. District Court, Eastern District of Washington, Docket No. 24MJ00178-001-JAG, which confirms the following: On or about December 21, 2023, and January 8, 2024, Mr. Gutierrez-Villafana committed 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii), Distribution of Five Grams or More of Actual (Pure) Methamphetamine.

Mr. Gutierrez-Villafanas' preliminary hearing occurred on May 15, 2024, before U.S. Magistrate Judge James A. Goeke.

As to Allegation 3, Mr. Gutierrez-Villafana was deported from the United States on August 12, 2022. As evidenced by the complaint filed in U.S. District Court, Eastern District of Washington, Docket No. 24MJ00178-JAG, the offender entered the United States on or before December 21, 2023. Mr. Gutierrez-Villafana failed to report to probation within 24 hours of his return.

| | |
|---|---|
| Defendant: Adolfo Gutierrez-Villafana | May 20, 2024 |
| Docket No.: 20CR01963-001-JLS | Page 3 |

**U.S. Probation Officer Recommendation:** If found in violation, that supervised release be revoked and the offender be sentenced to 24 months' custody with no supervised release to follow, consecutive to any sentence he may be serving, pursuant to USSG §7B1.3(f), p.s. (An Expanded Violation Worksheet, 12CW(d), has been attached for the Court's review.)

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on: May 20, 2024

Respectfully submitted:
JENNIFER K. WALKER
CHIEF PROBATION OFFICER

by  *(signature)*

Crystal Tignor
Supervisory U.S. Probation Officer

PROB 12CW(D) May 20, 2024

# EXPANDED VIOLATION WORKSHEET

1. **Defendant:** Gutierrez-Villafana, Adolfo

2. **Docket No.** (Year-Sequence-Defendant No.)**:** 20CR01963-001-JLS

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1)**:**

   | Violation(s) | Grade |
   |---|---|
   | Distribution of methamphetamine | A |
   | Distribution of methamphetamine | A |
   | Failure to report to the probation officer upon reentry | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b)) [ A ]

5. **Criminal History Category** (*See* USSG § 7B1.4(a)) [ V ]

6. **Statutory Maximum Term** (*Custody*) (*See* 18 U.S.C. § 3583(e)(3))
   Upon finding of a violation, the court may modify the conditions of supervision; extend the term if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. If the court revokes supervised release, the maximum term of imprisonment upon revocation is: [ 24 months ]

7. **Range of Imprisonment** (*Custody*) (See USSG § 7B1.4(a))
   A Grade A violation with a Criminal History Category V establishes an imprisonment range of 30 to 37 months. However, because the minimum of the imprisonment range exceeds the statutory maximum term, the adjusted imprisonment range is: [ 24 months ]

8. **Statutory Maximum Term** (*Supervised Release*) (See 18 U.S.C. § 3583(b))

   If supervised release is revoked and a term of imprisonment is imposed that is less than the maximum term of imprisonment imposable upon revocation, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment upon revocation. In this case, the court has the authority to reimpose a term of: [ 36 months ]

9. **Recommendation:** [ 24 months' custody, consecutive to any other sentence being served. *See USSG § 7B1.3(f)*- w/ no supervised release to follow ]

PROB 12C(D)

Defendant: Adolfo Gutierrez-Villafana May 20, 2024
Docket No.: 20CR01963-001-JLS Page 5

---

**THE COURT ORDERS:**

__X__ A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS, AND UPON APPROVAL OF TRANSFER OF JURISDICTION (PROB 22) FROM THE EASTERN DISTRICT OF WASHINGTON JURISDICTION TO BE TRANSFERRED. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

(Currently detained at Spokane County Jail in Spokane, Washington under Register No. 09088-085)

_____ A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS; JURISDICTION TO REMAIN IN THE SOUTHERN DISTRICT OF CALIFORNIA. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

_____ Other _____

_____

_____

*Janis L. Sammartino*          05/20/2024
The Honorable Janis L. Sammartino      Date
U.S. District Judge

                                                                  FML